IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROLAND W. BROADFOOT, An Individual      *
3260 Maple Avenue
Manchester, Maryland 21102              *
(Carroll County)
                                        *

STEVEN HAMLIN, An Individual
23 Hummingbird Court                    *
Halethorpe, Maryland 21227
(Baltimore County)                      *

ROBERT BUCKLEY, JR., An Individual      *
5534 Levering Avenue
Elkridge, Maryland 21075                *
(Howard County)
                                        *

CHRISTOPHER S. BINNIE, An Individual
3550 Poole Street                       *
Baltimore, Maryland 21211
(Baltimore City)                        *

ARTHUR ASHE, An Individual              *
601 New Jersey Avenue
Baltimore, Maryland 21221               *
(Baltimore County)
                                        *

DAVID J. MARTEL, An Individual
4502 Hampnett Avenue                    *
Baltimore, Maryland 21214
(Baltimore City)                        *

TANISSA DORSEY, An Individual           *
4828 Country Court, Apt. A
Ellicott City, Maryland 21042           *
(Howard County)
                                        *

THOMAS J. PHILLIPS, An Individual
620 Lochern Terrace                     *
Bel Air, Maryland 21014
(Harford County)                        *

1

THOMAS E. WEST, JR., An Individual                *
1939 Walnut Avenue.
Baltimore, Maryland 21222                          *
(Baltimore County)
                                                   *

DUSTIN A. FERRARE, An Individual                  *
2001 Kelmore Road
Dundalk, Maryland 21222                            *
(Baltimore County)
                                                   *

                              **Plaintiffs**       *
v.
                                                   *

MID-ATLANTIC ELECTRIC, LLC
(MID-ATLANTIC I)                                   *
1111 Park Avenue, Suite 111
Baltimore, Maryland 21201                          *
(Baltimore City)
                                                   *

        Serve On:                                  *     Civil Action No. _____
        Jonathan D. Mogol, Resident Agent
        1111 Park Avenue, Suite 111                *
        Baltimore, Maryland 21201

MID-ATLANTIC ELECTRIC, LLC                        *
(MID-ATLANTIC II)
7803 New Battle Grove Rd.                          *
Baltimore, Maryland 21222
(Baltimore County)                                 *

        Serve On:                                  *
        Michelle Harrison, Resident Agent
        7803 New Battle Grove Rd.                   *
        Baltimore, Maryland 21222
                                                   *

JACOB J. HARRYMAN, An Individual                  *
Principal/Member of Mid-Atlantic I and
Mid-Atlantic II                                    *
7803 New Battle Grove Road  Suite B
Baltimore, Maryland  21222                         *
(Baltimore County)
                                                   *

| | |
|---|---|
| OTHER UNAMED AND UNIDENTIFIED | * |
| INDIVIDUALS PRINCIPALS/MEMBERS | |
| OF MID-ATLANTIC I AND | * |
| MID-ATLANTIC II | |
| | * |
| **Defendants** | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR UNPAID WAGES, LIQUIDATED DAMAGES AND OTHER DAMAGES

Roland W. Broadfoot, Steven Hamlin, Robert Buckley, Jr., Christopher S. Binnie, Arthur Ashe, David J. Martel, Tanissa Dorsey, Thomas J. Phillips, Thomas E. West, Jr., and Dustin A. Ferrare, by their undersigned counsel, file this Complaint for Unpaid Wages, Liquidated Damages and Other Damages, and in support thereof allege as follows:

### I.       Jurisdiction

1.      This Complaint is brought to enforce rights under the Fair Labor Standards Act (hereinafter called "the FLSA"), 29 U.S.C. §201 et seq., the Maryland Wage and Hour Law (hereinafter called "the MWHL"), Md. Code Ann., Lab. & Empl. §3-401 et seq., and the Maryland Wage Payment and Collection Law (hereinafter called "the MWPCL"), Md. Code Ann., Lab. & Empl. §3-501 et seq.  The Plaintiffs seek payment of unpaid wages, including overtime wages, due to them by the Defendant Mid-Atlantic Electric, LLC (of 1111 Park Ave. Suite 111, Baltimore, Maryland 21201) (hereinafter "the Employer" or "Mid-Atlantic I") and/or its alter ego, Defendants Mid-Atlantic Electric, LLC (of 7803 New Battle Grove Rd., Baltimore, Maryland 21222) (hereinafter "Mid-Atlantic II"), Jacob Harryman, and/or other yet unknown principals/members of Mid-Atlantic I and II, liquidated damages and interests, attorney's fees and costs as provided by the statutes.

2.      This Court has jurisdiction of this cause pursuant to Section 1331 and 1367 of the Judicial Code, 28 U.S.C. §§1331 and 1367, and the respective statutes:  FLSA, 29 U.S.C. § 216; MWHL, Md. Code

Ann., Lab. & Empl. §3-427; MWPCL, Md. Code Ann., Lab. & Empl. §3-507.2.  Venue is proper

because the Defendants operate their business primarily in this judicial district.

## II.   The Parties

3.      Roland W. Broadfoot is an individual who was employed by Mid-Atlantic I and worked as an

electrician at least during the period from October 1, 2012 through October 12, 2012.  He is a resident of

Manchester, Maryland.  He is an employee within the meaning of the FLSA 29 U.S.C. §203(e), MWHL

(*see* Md. Code Ann., Labor & Employment § 3-403), and MWPCL.

4.      Steven Hamlin is an individual who was employed by Mid-Atlantic I and worked as an

electrician/helper-apprentice at least during the period from October 1, 2012 through October 12, 2012.

He is a resident of Halethorpe, Maryland.  He is an employee within the meaning of the FLSA 29 U.S.C.

§203(e), MWHL (*see* Md. Code Ann., Labor & Employment § 3-403), and MWPCL.

5.      Robert Buckley, Jr. is an individual who was employed by Mid-Atlantic I and worked as an

electrician at least during the period from October 1, 2012 through October 12, 2012.  He is a resident of

Elkridge, Maryland.  He is an employee within the meaning of the FLSA 29 U.S.C. §203(e), MWHL

(*see* Md. Code Ann., Labor & Employment § 3-403), and MWPCL.

6.      Christopher Binnie is an individual who was employed by Mid-Atlantic I and worked as an

electrician at least during the period from October 1, 2012 through October 12, 2012.  He is a resident of

Baltimore, Maryland.  He is an employee within the meaning of the FLSA 29 U.S.C. §203(e), MWHL

(*see* Md. Code Ann., Labor & Employment § 3-403), and MWPCL.

7.      Arthur Ashe is an individual who was employed by Mid-Atlantic I and worked as an electrician

at least during the period from October 1, 2012 through October 12, 2012.  He is a resident of Baltimore,

Maryland. He is an employee within the meaning of the FLSA 29 U.S.C. §203(e), MWHL (*see* Md. Code Ann., Labor & Employment § 3-403), and MWPCL.

8.      David J. Martel is an individual who was employed by Mid-Atlantic I and worked as an electrician at least during the period from October 1, 2012 through October 12, 2012. He is a resident of Baltimore, Maryland. He is an employee within the meaning of the FLSA 29 U.S.C. §203(e), MWHL (*see* Md. Code Ann., Labor & Employment § 3-403), and MWPCL.

9.      Tanissa Dorsey is an individual who was employed by Mid-Atlantic I and worked as an electrician/helper-apprentice at least during the period from October 1, 2012 through October 12, 2012. She is a resident of Ellicott City, Maryland. She is an employee within the meaning of the FLSA 29 U.S.C. §203(e), MWHL (*see* Md. Code Ann., Labor & Employment § 3-403), and MWPCL.

10.     Thomas J. Phillips is an individual who was employed by Mid-Atlantic I and worked as an electrician at least during the period from October 1, 2012 through October 12, 2012. He is a resident of Bel Air, Maryland. He is an employee within the meaning of the FLSA 29 U.S.C. §203(e), MWHL (*see* Md. Code Ann., Labor & Employment § 3-403), and MWPCL.

11.     Thomas E. West, Jr. is an individual who was employed by Mid-Atlantic I and worked as an electrician at least during the period from October 1, 2012 through October 12, 2012. He is a resident of Baltimore, Maryland. He is an employee within the meaning of the FLSA 29 U.S.C. §203(e), MWHL (*see* Md. Code Ann., Labor & Employment § 3-403), and MWPCL.

12.     Dustin A. Ferrare is an individual who was employed by Mid-Atlantic I and worked as an electrician at least during the period from October 1, 2012 through October 12, 2012. He is a resident of Dundalk, Maryland. He is an employee within the meaning of the FLSA 29 U.S.C. §203(e), MWHL (*see* Md. Code Ann., Labor & Employment § 3-403), and MWPCL.

13.     Mid-Atlantic I was a limited liability company organized and existing under the laws of the State of Maryland, with an office and place of business located in Baltimore, Maryland.  According to the Articles of Organization, Mid-Atlantic I was formed and registered in Maryland on or about May 11, 2012.  At all pertinent times alleged in this Complaint, Mid-Atlantic I was engaged in the business of performing electrical construction work primarily in the State of Maryland.  Mid-Atlantic I is an employer within the meaning of the FLSA 29 U.S.C. §203(d), MWHL (Md. Code Ann., Labor & Employment § 3-401), and MWPCL (Md. Code Ann., Labor & Employment § 3-501).

14.     Defendant Jacob Harryman was a principal/member of Mid-Atlantic I, and he was responsible for the day-to-day operation of Mid-Atlantic I, including the supervision of its employees.  Defendant Harryman is an employer within the meaning of the FLSA 29 U.S.C. §203(d), MWHL (Md. Code Ann., Labor & Employment § 3-401), and MWPCL (Md. Code Ann., Labor & Employment § 3-501).

15.     Pursuant to Articles of Cancellation and business entity filings with the Maryland State Department of Assessments and Taxation, Mid-Atlantic I was terminated on November 15, 2012 – six month after its formation, and approximately a month after the Plaintiffs worked for Mid-Atlantic I.

16.     In its Articles of Cancellation, Mid-Atlantic I declared that it had no known creditors.

17.     In its Articles of Cancellation, Mid-Atlantic I named Defendant Jacob Harryman as the member designated to wind up the affairs of the company.

18.     Mid-Atlantic II is a limited liability company organized and existing under the laws of the State of Maryland, with an office and place of business located in Baltimore, Maryland.  According to the Articles of Organization, Mid-Atlantic II was formed and registered in Maryland on or about January 4, 2013 – less than two months after Mid-Atlantic I was terminated. Mid-Atlantic II is engaged in the business of performing electrical construction work primarily in the State of Maryland.  Mid-Atlantic II

is an employer within the meaning of the FLSA 29 U.S.C. §203(d), MWHL (Md. Code Ann., Labor & Employment § 3-401), and MWPCL (Md. Code Ann., Labor & Employment § 3-501).

19.     Defendant Jacob Harryman is a principal/member of Mid-Atlantic II, and he is responsible for the day-to-day operation of Mid-Atlantic II, including the supervision of its employees.

20.     Upon information and belief, Mid-Atlantic I was terminated and re-formed as Mid-Atlantic II -- a disguised continuation of Mid-Atlantic I – for the purpose of avoiding Mid-Atlantic I's obligations to the Plaintiffs under the FLSA, MWHL, and MWPCL and to avoid its obligations to other creditors.

21.     Based on the foregoing, Mid-Atlantic II, Defendant Jacob Harryman, and other unknown principals/members of Mid-Atlantic I and II, are alter egos of Mid-Atlantic I, and thus individually and jointly responsible for amounts owed to the Plaintiffs by Mid-Atlantic I.  Further, Mid-Atlantic II is the successor of Mid-Atlantic I, and the Plaintiffs' employer under the MWPCL, Md. Code Ann., Labor & Employment § 3-501.

### III.  Facts Common To All Counts

22.     Plaintiffs Broadfoot, Hamlin, Buckley, Jr., Binnie, Ashe, Martel, Dorsey, Phillips, West, Jr., and Ferrare were employed by Mid-Atlantic I as either electricians or helpers/apprentices performing electrical work at the new Urban Outfitters store at Montgomery Mall between October 1, 2012 and October 12, 2012.  The Urban Outfitters store was scheduled to open to the public around November 9, 2012.

23.     During the period from October 1, 2012 through October 12, 2012, the Plaintiffs were employed by Mid-Atlantic I in the following classifications and regular hourly rates:

| Roland W. Broadfoot | electrician | $16.00 per hour |
| Steven Hamlin | apprentice/helper | $10.00 per hour |

| | | |
|---|---|---|
| Robert Buckley, Jr. | electrician | $16.00 per hour |
| Christopher S. Binnie | electrician | $18.75 per hour |
| Arthur Ashe | electrician | $17.50 per hour |
| David J. Martel | electrician | $16.00 per hour |
| Tanissa Dorsey | apprentice/helper | $10.00 per hour |
| Thomas J. Phillips | electrician | $17.50 per hour |
| Thomas E. West, Jr. | electrician | $17.50 per hour |
| Dustin A. Ferrare | electrician | $16.00 per hour |

24.     During the period from October 1, 2012 through October 7, 2012, the Plaintiffs worked the following hours for Mid-Atlantic I:

| | |
|---|---|
| Roland W. Broadfoot | 60 hours |
| Steven Hamlin | 28 hours |
| Robert Buckley, Jr. | 20 hours |
| Christopher S. Binnie | 76 hours |
| Arthur Ashe | 56 hours |
| David J. Martel | 78 hours |
| Tanissa Dorsey | 64 hours |
| Thomas J. Phillips | 54 hours |
| Thomas E. West, Jr. | 70 hours |
| Dustin A. Ferrare | 26 hours |

25.     During the period from October 8, 2012 through October 12, 2012, the Plaintiffs worked the following hours for Mid-Atlantic I:

| | |
|---|---|
| Roland W. Broadfoot | 21 hours |
| Steven Hamlin | 0 hours |
| Robert Buckley, Jr. | 0 hours |
| Christopher S. Binnie | 58 hours |
| Arthur Ashe | 58 hours |
| David J. Martel | 50 hours |
| Tanissa Dorsey | 0 hours |
| Thomas J. Phillips | 32 hours |
| Thomas E. West, Jr. | 46 hours |
| Dustin A. Ferrare | 0 hours |

26.     The Plaintiffs have made repeated demands to Mid-Atlantic I, Mid-Atlantic II, and Defendant Harryman to be paid the wages owed to them for the time worked as set forth in Paragraphs 24 and 25.

27.     Mid-Atlantic I, Mid-Atlantic II, and Defendant Harryman have refused, and continue to refuse, to pay the wages owed to the Plaintiffs for the time worked as set forth in Paragraphs 24 and 25.

**COUNT ONE**
Claim for Minimum Wages and Overtime Compensation
For Violations of FLSA, 29 U.S.C. §§206 and 207

28.     Paragraphs 1 through 27 are repeated and incorporated by reference as if fully stated herein.

29.     The Defendants willfully and/or intentionally failed and/or repeatedly refused to pay to the Plaintiffs the minimum wages for all hours worked up to 40 hours per week during the period from October 1, 2012 through October 12, 2012 as set forth above in Paragraphs 24 and 25.

30.     During the week of October 1, 2012 through October 7, 2012, the following Plaintiffs worked the following hours over 40 hours in that week for Mid-Atlantic I:

Roland W. Broadfoot          20 hours

Christopher S. Binnie        36 hours

Arthur Ashe                  16 hours

David J. Martel              38 hours

Tanissa Dorsey               24 hours

Thomas J. Phillips           14 hours

Thomas E. West, Jr.          30 hours

31.    During the week of October 8, 2012 through October 12, 2012, the following Plaintiffs worked

the following hours over 40 hours in that week for Mid-Atlantic I:

Christopher S. Binnie        18 hours

Arthur Ashe                  18 hours

David J. Martel              10 hours

Thomas E. West, Jr.          6 hours

32.    Under the FLSA, 29 U.S.C.§207, the Plaintiffs are entitled to payment of wages at the overtime

rate of time and one-half their regular rate of pay for all hours worked over forty (40) hours in a week.

33.    During the period from October 1, 2012 through October 12, 2012, the Plaintiffs' time and one-

half overtime hourly rates were:

Roland W. Broadfoot          $24.00 per hour

Steven Hamlin                $15.00 per hour

Robert Buckley, Jr.          $24.00 per hour

Christopher S. Binnie        $28.13 per hour

Arthur Ashe                  $26.25 per hour

| | |
|---|---|
| David J. Martel | $24.00 per hour |
| Tanissa Dorsey | $15.00 per hour |
| Thomas J. Phillips | $26.25 per hour |
| Thomas E. West, Jr. | $26.25 per hour |
| Dustin A. Ferrare | $24.00 per hour |

34. For the period of October 1, 2012 through October 12, 2012, the following Plaintiffs earned the following overtime wages:

| | |
|---|---|
| Roland W. Broadfoot | $480.00 |
| Christopher S. Binnie | $1,519.02 |
| Arthur Ashe | $892.50 |
| David J. Martel | $1,152.00 |
| Tanissa Dorsey | $360.00 |
| Thomas J. Phillips | $367.50 |
| Thomas E. West, Jr. | $945.00 |

35. Despite repeated requests for payment of the overtime wages owed to Plaintiffs Broadfoot, Binnie, Ashe, Martel, Dorsey, Phillips, and West, Jr., as set forth above, the Defendants have refused, and continue to refuse, to pay these Plaintiffs the overtime wages owed to them.

36. The Defendants' failure to pay the overtime wages owed to Plaintiffs Broadfoot, Binnie, Ashe, Martel, Dorsey, Phillips, and West, Jr. violate the FLSA, 29 U.S.C. §207.  This failure was both repeated and willful.

37.     The Defendants' failure to pay at least the minimum wage for hours worked up to 40 hours per week to Plaintiffs Broadfoot, Hamlin, Buckley Jr., Binnie, Ashe, Martel, Dorsey, Phillips, West Jr., and Ferrare violate the FLSA, 29 U.S.C. §206.  This failure was both repeated and willful.

WHEREFORE, the Plaintiffs respectfully pray:

a.      That judgment be entered against the Defendants, jointly and severally, in favor of the Plaintiffs for at least the minimum wage of $7.25 per hour for all hours worked up to 40 hours per week as set forth in Paragraphs 24 and 25 above plus an equal amount as liquidated damages; and

b.      That judgment be entered against the Defendants, jointly and severally, in favor of the following Plaintiffs for the following amounts for unpaid overtime wages:

| | |
|---|---|
| Roland W. Broadfoot | $480.00 |
| Christopher S. Binnie | $1,519.02 |
| Arthur Ashe | $892.50 |
| David J. Martel | $1,152.00 |
| Tanissa Dorsey | $360.00 |
| Thomas J. Phillips | $367.50 |
| Thomas E. West, Jr. | $945.00 |

plus interests from the date that the wages were due until paid or until the payment of the judgment, whichever comes first; and

c.      That judgment be entered against the Defendants, jointly and severally, in favor of the following Plaintiffs for the following amounts as liquidated damages for unpaid overtime wages in accordance with 29 U.S.C. §216(b):

| | |
|---|---|
| Roland W. Broadfoot | $480.00 |

| | |
|---|---|
| Christopher S. Binnie | $1,519.02 |
| Arthur Ashe | $892.50 |
| David J. Martel | $1,152.00 |
| Tanissa Dorsey | $360.00 |
| Thomas J. Phillips | $367.50 |
| Thomas E. West, Jr. | $945.00 |

plus interests from the date that the wages were due until paid or until the payment of the judgment, whichever comes first; and

   d.  That the Plaintiffs be awarded reasonable attorneys fees and costs in accordance with 29 U.S.C. §216(b); and

   e.  That the Plaintiffs be awarded such other relief as the Court deems just and proper.

**COUNT TWO**
Claim for Minimum Wages and Overtime Compensation For Violations of
MWHL, Md. Code Ann., Lab. & Empl. §§3-413 and 3-415

38.  Paragraphs 1 through 27 are repeated and incorporated by reference as if fully stated herein.

39.  The Defendants willfully and/or intentionally failed and/or repeatedly refused to pay to the Plaintiffs the minimum wages for all hours worked up to 40 hours per week during the period from October 1, 2012 through October 12, 2012 as set forth above in Paragraphs 24 and 25.

40.  During the week of October 1, 2012 through October 7, 2012, the following Plaintiffs worked the following hours over 40 hours in that week for Mid-Atlantic I:

| | |
|---|---|
| Roland W. Broadfoot | 20 hours |
| Christopher S. Binnie | 36 hours |
| Arthur Ashe | 16 hours |

| | |
|---|---|
| David J. Martel | 38 hours |
| Tanissa Dorsey | 24 hours |
| Thomas J. Phillips | 14 hours |
| Thomas E. West, Jr. | 30 hours |

41.     During the week of October 8, 2012 through October 12, 2012, the following Plaintiffs worked the following hours over 40 hours in that week for Mid-Atlantic I:

| | |
|---|---|
| Christopher S. Binnie | 18 hours |
| Arthur Ashe | 18 hours |
| David J. Martel | 10 hours |
| Thomas E. West, Jr. | 6 hours |

42.     Under the MWHL, Md. Code Ann., Lab. & Empl. §§3-415 & 3-420, the Plaintiffs are entitled to payment of wages at the overtime rate of time and one-half their regular rate of pay for all hours worked over forty (40) hours in a week.

43.     During the period from October 1, 2012 through October 12, 2012, the Plaintiffs' time and one-half overtime hourly rates were:

| | |
|---|---|
| Roland W. Broadfoot | $24.00 per hour |
| Steven Hamlin | $15.00 per hour |
| Robert Buckley, Jr. | $24.00 per hour |
| Christopher S. Binnie | $28.13 per hour |
| Arthur Ashe | $26.25 per hour |
| David J. Martel | $24.00 per hour |
| Tanissa Dorsey | $15.00 per hour |

| Thomas J. Phillips | $26.25 per hour |
| Thomas E. West, Jr. | $26.25 per hour |
| Dustin A. Ferrare | $24.00 per hour |

44.     For the period of October 1, 2012 through October 12, 2012, the following Plaintiffs earned the following overtime wages:

| Roland W. Broadfoot | $480.00 |
| Christopher S. Binnie | $1,519.02 |
| Arthur Ashe | $892.50 |
| David J. Martel | $1,152.00 |
| Tanissa Dorsey | $360.00 |
| Thomas J. Phillips | $367.50 |
| Thomas E. West, Jr. | $945.00 |

45.     Despite repeated requests for payment of the overtime wages owed to Plaintiffs Broadfoot, Binnie, Ashe, Martel, Dorsey, Phillips, and West, Jr., as set forth above, the Defendants have refused, and continue to refuse, to pay these Plaintiffs the overtime wages owed to them.

46.     The Defendants' failure to pay the overtime wages owed to Plaintiffs Broadfoot, Binnie, Ashe, Martel, Dorsey, Phillips, and West, Jr. violate the MWHL, Md. Code Ann., Lab. & Empl. §3-415.  This failure was both repeated and willful.

47.     The Defendants' failure to pay at least the minimum wage for hours worked up to 40 hours per week to Plaintiffs Broadfoot, Hamlin, Buckley Jr., Binnie, Ashe, Martel, Dorsey, Phillips, West Jr., and Ferrare violate the MWHL, Md. Code Ann., Lab. & Empl. §3-413.  This failure was both repeated and willful.

WHEREFORE, Plaintiffs respectfully pray:

a.     That judgment be entered against the Defendants, jointly and severally, in favor of the Plaintiffs for at least the minimum wage of $7.25 per hour for all hours worked up to 40 hours per week as set forth in Paragraphs 24 and 25 above; and

b.     That judgment be entered against the Defendants, jointly and severally, in favor of the following Plaintiffs for the following amounts for unpaid overtime wages:

| | |
|---|---|
| Roland W. Broadfoot | $480.00 |
| Christopher S. Binnie | $1,519.02 |
| Arthur Ashe | $892.50 |
| David J. Martel | $1,152.00 |
| Tanissa Dorsey | $360.00 |
| Thomas J. Phillips | $367.50 |
| Thomas E. West, Jr. | $945.00 |

plus interests from the date that the wages were due until paid or until the payment of the judgment, whichever comes first; and

c.     That the Plaintiffs be awarded reasonable attorneys fees and costs in accordance with Md. Code Ann., Lab. & Empl. §3-427(d); and

d.     That the Plaintiffs be awarded such other relief as the Court deems just and proper.

### COUNT THREE
Claim for Unpaid Wages for Violation of the
MWPCL, Md. Code Ann., Lab. & Empl. §3-501 et seq.

48.     Paragraphs 1 through 37 are repeated and incorporated by reference as if fully stated herein.

49.     During the period from October 1, 2012 through October 7, 2012, the Plaintiffs were owed the following wages and overtime wages for hours worked for Mid-Atlantic I:

| | |
|---|---|
| Roland W. Broadfoot | $1,120.00 |
| Steven Hamlin | $280.00 |
| Robert Buckley, Jr. | $320.00 |
| Christopher S. Binnie | $1,762.68 |
| Arthur Ashe | $1,120.00 |
| David J. Martel | $1,552.00 |
| Tanissa Dorsey | $760.00 |
| Thomas J. Phillips | $1,067.50 |
| Thomas E. West, Jr. | $1,487.50 |
| Dustin A. Ferrare | $416.00 |

50.     During the period from October 8, 2012 through October 12, 2012, the Plaintiffs were owed the following wages and overtime wages for hours worked for Mid-Atlantic I:

| | |
|---|---|
| Roland W. Broadfoot | $336.00 |
| Steven Hamlin | $0.0 |
| Robert Buckley, Jr. | $0.0 |
| Christopher S. Binnie | $1,256.34 |
| Arthur Ashe | $1,172.50 |
| David J. Martel | $880.00 |
| Tanissa Dorsey | $0.0 |
| Thomas J. Phillips | $560.00 |

| | |
|---|---|
| Thomas E. West, Jr. | $857.50 |
| Dustin A. Ferrare | $0.0 |

51.     The total amount of wages owed to the Plaintiffs for work performed for Mid-Atlantic I during the period of October 1, 2012 through October 12, 2012, for which no bona fide dispute exist, is:

| | |
|---|---|
| Roland W. Broadfoot | $1,456.00 |
| Steven Hamlin | $280.00 |
| Robert Buckley, Jr. | $320.00 |
| Christopher S. Binnie | $3,019.02 |
| Arthur Ashe | $2,292.50 |
| David J. Martel | $2,432.00 |
| Tanissa Dorsey | $760.00 |
| Thomas J. Phillips | $1,627.50 |
| Thomas E. West, Jr. | $2,345.00 |
| Dustin A. Ferrare | $416.00 |

52.     The monies owed to the Plaintiffs, as set forth above in Paragraph 51, are "wages" as that term is defined in Section 3-501(c) of the Labor and Employment Article of the Annotated Code of Maryland.

53.     The Defendants did not give any notice to the Plaintiffs that the Defendants intended to change the Plaintiffs' wages, or what those changes would be, at least one pay period in advance of the intended changes as required in Section 3-504(a)(3) of the Labor and Employment Article of the Annotated Code of Maryland.

54.     Despite repeated requests for payment of the wages owed to the Plaintiffs, for which no bona

fide dispute exist, as set forth above in Paragraph 51, the Defendants have refused, and continue to

refuse, to pay the Plaintiffs the wages owed to them.

55.     More than two (2) weeks have elapsed from the date on which the Defendants are required to

have paid the wages owed to the Plaintiffs.

56.     Pursuant to Section 3-507.2(b) of the Labor and Employment Article of the Annotated Code of

Maryland, the Court may award to the Plaintiffs an amount not exceeding three (3) times the wages

owed, plus reasonable counsel fees and other costs.

WHEREFORE, the Plaintiffs respectfully pray:

a.      That judgment be entered against the Defendants, jointly and severally, in favor of the

Plaintiffs for the following amounts:

| | |
|---|---|
| Roland W. Broadfoot | $4,368.00 |
| Steven Hamlin | $840.00 |
| Robert Buckley, Jr. | $960.00 |
| Christopher S. Binnie | $9,057.06 |
| Arthur Ashe | $6,877.50 |
| David J. Martel | $7,296.00 |
| Tanissa Dorsey | $2,280.00 |
| Thomas J. Phillips | $4,882.50 |
| Thomas E. West, Jr. | $7,035.00 |
| Dustin A. Ferrare | $1,248.00 |

plus interests from the date that the wages were due until paid or until the payment of the judgment, whichever comes first; and

      b.     That the Plaintiffs be awarded reasonable attorneys fees and costs in accordance with Md. Code Ann., Lab. & Empl. §3-507.2(b); and

      c.     That the Plaintiff be awarded such other relief as the Court deems just and proper.

Respectfully submitted,

TERRASA & STAIR, P.A.
7472 Weather Worn Way
Columbia, Maryland 21046
Tel. 410-609-3953
Fax 410-609-3957
gterrasa@tslawmd.com

By: _____
      GABRIEL A. TERRASA
      Bar No. 25183