## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (hereinafter "Agreement") is entered into this 18th day of October, 2013 by and between **ROLAND W. BROADFOOT, STEVEN HAMLIN, CHRISTOPHER S. BINNIE, ARTHUR ASHE, DAVID J. MARTEL, TANISSA DORSEY, THOMAS J. PHILLIPS, THOMAS E. WEST, JR.,** and **DUSTIN A. FERRARE** on the first part (collectively referred to herein as "the Plaintiffs"), and **MID-ATLANTIC ELECTRIC, LLC (MID-ATLANTIC I), MID-ATLANTIC ELECTRIC, LLC (MID-ATLANTIC II),** and **JACOB J. HARRYMAN** on the second part (collectively referred to herein as "the Defendants").

WHEREAS, the Plaintiffs allege that they were employed by Mid-Atlantic I at various times in 2012; and

WHEREAS, the Plaintiffs allege that they were not paid wages for work performed by them at various times between October 1 and October 12, 2012; and

WHEREAS, the Plaintiffs allege that these unpaid wages are owed to them by the Defendants; and

WHEREAS, the Defendants dispute owing the wages claimed by the Plaintiffs; and

WHEREAS, the Plaintiffs filed a Complaint for Unpaid Wages, Liquidated Damages, and Other Damages in the United States District Court for the District of Maryland against the Defendants, case styled Roland W. Broadfoot, et al. v. Mid-Atlantic Electric, LLC (Mid-Atlantic I), et al., Case No. 1:13-CV-01093, seeking payment of the wages allegedly owed to them and other related damages; and

WHEREAS, Jacob J. Harryman claims and alleges that he is not a proper party to litigation and is not liable to the Plaintiffs in his individual capacity; and

WHEREAS, the Parties desire to resolve the aforementioned dispute short of litigation.

NOW THEREFORE, the Plaintiffs and the Defendants hereby agree as follows:

### PAYMENT OF WAGES

1. The parties to this Agreement acknowledge and agree that the Recitals above are true, accurate and correct and those Recitals are incorporated by reference into this Agreement as though fully set forth herein.

2. Except as expressly provided in this Agreement, upon execution of this Agreement, Mid-Atlantic Electric, LLC (Mid-Atlantic I) and/or Mid-Atlantic Electric, LLC (Mid-Atlantic II) will pay to the Plaintiffs the sums indicated below, minus employment taxes and standard deductions as set forth in Paragraph 4:

Page 1 of 7

Settlement Agreement
Broadfoot, et al. v. Mid-Atlantic Electric, LLC (Mid-Atlantic I) et al.

| Plaintiff | |
|---|---|
| Christopher S. Binnie | $2,426.08 |
| Thomas E. West, Jr. | $1,884.44 |
| Thomas J. Phillips | $1,307.86 |
| Arthur Ashe | $1,842.25 |
| Steve Hamlin | $225.64 |
| David J. Martel | $1,954.36 |
| Roland W. Broadfoot | $1,157.18 |
| Dustin A. Ferarre | $334.30 |
| Tanissa Dorsey | $610.74 |

3. As soon as possible, but in no event later than upon the signing of this Agreement, the Plaintiffs will provide properly executed W-4 forms so that Mid-Atlantic Electric I and/or Mid-Atlantic Electric II can compute the appropriate employment taxes and standard deductions to be made to the wage payments set forth in Paragraph 2.

4. Mid-Atlantic Electric I and/or Mid-Atlantic Electric II will deduct the appropriate employment taxes and standard deductions for each of the wage payments set forth in Paragraph 2, and transmit said taxes and standard deductions to the appropriate Federal and State agencies in accordance with the applicable law. Each payment made to the Plaintiffs as set forth in Paragraph 2 will contain a "paystub" setting forth in detail the total gross pay, total deductions made, and the net pay, in accordance with the applicable law.

5. After the last payment is made as set forth above in Paragraph 2, Mid-Atlantic Electric I and/or Mid-Atlantic Electric II will issue W-2 forms to each of the Plaintiffs, in accordance with the applicable law.

## DISPOSITION OF PLAINTIFFS CLAIMS

6. The Parties agree to jointly seek approval from the Court of the foregoing Agreement. The Parties further agree to request from the Court that the Case be held in abeyance pending compliance with the terms of the Agreement.

7. Upon compliance with the terms of the Agreement, the Plaintiffs will file a Stipulation of Dismissal with Prejudice of the Complaint.

   (a) If the Defendants default on any provision of the Agreement, each individual Plaintiff will have the option of Filing for Consent Judgment with the Court against the Defendants for the amount listed below (actual full wages claimed by each Plaintiff) minus any settlement payments actually received by that Plaintiff. A copy of this Agreement executed by the Defendants shall constitute evidence of consent for the entry of Judgment, as described above. Full wages claimed are:

Page 2 of 7

Settlement Agreement
Broadfoot, et al. v. Mid-Atlantic Electric, LLC (Mid-Atlantic I) et al.

| Plaintiff | Full Wages ($) |
|---|---|
| Christopher S. Binnie | 3019.02 |
| Thomas E. West, Jr. | 2345.00 |
| Thomas J. Phillips | 1627.50 |
| Arthur Ashe | 2292.50 |
| Steve Hamlin | 280.00 |
| David J. Martel | 2432.00 |
| Roland W. Broadfoot | 1440.00 |
| Dustin A. Ferarre | 416.00 |
| Tanissa Dorsey | 760.00 |

By signing the foregoing Agreement, the Defendants CONSENT to a Judgment Entered against them by the Court for the outstanding damages claimed (full wages minus any settlement payments actually received) if Defendants default on any provision of the Agreement. The Defendnats consent that the Judgment shall be entered immediately upon a Plaintiff's motion and Plaintiff's sworn affidavit indicating what portion of the actual full wages is due and owing.

(b) Provided that Defendants execute and deliver the Settlement Agreement along with the payments set forth in Paragraph 2 above, the Parties will file a Notice of Settlement and Withdraw of Pending Motions or before close of business on October 4, 2013.

8. Upon execution of this Agreement and compliance with its terms, Plaintiffs and their agents, successors and assigns, hereby release, remise and forever discharge Defendants, and their affiliates, parents, subsidiaries, insurers, sureties, successors and assigns, their officers, directors, members, employees and agents, and all persons, firms or corporations claiming by or through a party, from all claims, losses, expenses, demands, causes of action, liabilities or obligations of any nature (together, the "Claims") arising out of or related to any work perform by Plaintiffs for or through the Defendants, including all claims Plaintiffs have had in the past, presently have or may have in the future against Defendants.

9. Upon execution of this Agreement and compliance with its terms, the Defendants and their agents, successors and assigns, affiliates, parents, subsidiaries, insurers, sureties, their officers, directors, members, employees and agents, and all persons acting on their behalf hereby release, remise and forever discharge the Plaintiffs, and their agents, successors and assigns from all claims, losses, expenses, demands, causes of action, liabilities or obligations of any nature (together, the "Claims") arising out of or related to any work performed by the Plaintiffs for or through the Defendants, including all claims the Defendants had in the past, presently have or may have in the future against the Plaintiffs.

10. Plaintiffs agree that they will petition the withdrawal or otherwise decline to pursue any administrative or other claims made by any of the Plaintiffs against Defendants, including

Page 3 of 7

Settlement Agreement
Broadfoot, et al. v. Mid-Atlantic Electric, LLC (Mid-Atlantic I) et al.

any claims made to the Department of Labor, Licensing, and Regulation ("DLLR"). Upon inquiry by DLLR or any other administrative agency or party, Plaintiffs will advise such entity that the claims between the Parties have been amicably resolved.

11. Plaintiffs agree that they will execute any necessary lien waivers or other documents necessary to carry out the intent of this Agreement.

## REPRESENTATIONS

12. The Parties acknowledge, represent, warrant and confirm the following:

   (a) The Parties have each carefully read and understand this Agreement and have had the opportunity, and have been advised, to seek assistance of legal counsel in carefully reviewing, discussing and considering all terms of this Agreement.

   (b) Execution and delivery of this Agreement by the Parties is not based upon reliance by the Parties upon any representation, understanding or agreement not expressly set forth herein.

   (c) The Parties execute and deliver this Agreement as their free and voluntary acts, without any duress, coercion or undue influence exerted by or on behalf of any other party.

   (d) Execution and acceptance of this Agreement or any act related hereto is in no way an admission of any fault or liability by any Party hereto.

   (e) This Agreement constitutes the entire settlement agreement between the Parties hereto and is a final and complete release of those matters set forth herein. This Agreement embodies the entire agreement with respect to the respective rights, obligations and liabilities of the Parties hereto and supersedes all prior agreements and understandings, if any, relating to the subject matter hereof.

   (f) This Agreement is a valid, binding and enforceable obligation of the Parties and does not violate any law, rule, regulation, contract or agreement otherwise enforceable by or against the Parties.

## SEVERABILITY

13. If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

Page 4 of 7

Settlement Agreement
Broadfoot, et al. v. Mid-Atlantic Electric, LLC (Mid-Atlantic I) et al.

## GOVERNING LAW

14. This Agreement shall be governed by and construed in accordance with the laws of the state of Maryland and the laws of the United States of America applicable to transactions within the state of Maryland.

## BINDING AGREEMENT

15. This Agreement is binding upon the Parties, and their respective heirs, executors, administrators, assigns, successors in interest, predecessors in interest, and anyone claiming by, through or under the Parties, or any one of them.

## COUNTERPARTS & FACSIMILE SIGNATURES

16. This Agreement may be executed in multiple identical counterparts, each of which when executed shall be deemed an original. Facsimile signatures shall be valid and enforceable as if original.

## FINAL ACKNOWLEDGMENT

17. This written agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have executed this Agreement:

**ROLAND W. BROADFOOT**                             Date: _____

**STEVEN HAMLIN**                                   Date: _____

*/s/ Christopher S. Binnie/*
**CHRISTOPHER S. BINNIE**                           Date: 10/7/13

*/s/ Arthur Ashe/*
**ARTHUR ASHE**                                     Date: 10-7-13

Page 5 of 7

Settlement Agreement
Broadfoot, et al. v. Mid-Atlantic Electric, LLC (Mid-Atlantic I) et al.

*[signature]*

**DAVID J. MARTEL**  Date: 10-11-2013

*[signature]*

**TANISSA DORSEY**  Date: 10/7/13

*[signature]*

**THOMAS J. PHILLIPS**  Date: 10/7/13

*[signature]*

**THOMAS E. WEST, JR.**  Date: 10/7/13

*[signature]*

**DUSTIN A. FERRARE**  Date: 10/7/13

**MID-ATLANTIC ELECTRIC, LLC (MID-ATLANTIC I)**

By: *[signature]*   Date: 10/4/13
   JACOB J HARRYMAN

**MID-ATLANTIC ELECTRIC, LLC (MID-ATLANTIC II)**

By: *[signature]* Jacob J Harryman   Date: 10/4/13

*[signature]*

**JACOB J. HARRYMAN**  Date: 10/4/13

Page 6 of 7

Settlement Agreement
Broadfoot, et al. v. Mid-Atlantic Electric, LLC (Mid-Atlantic I) et al.

## GOVERNING LAW

14.     This Agreement shall be governed by and construed in accordance with the laws of the state of Maryland and the laws of the United States of America applicable to transactions within the state of Maryland.

## BINDING AGREEMENT

15.     This Agreement is binding upon the Parties, and their respective heirs, executors, administrators, assigns, successors in interest, predecessors in interest, and anyone claiming by, through or under the Parties, or any one of them.

## COUNTERPARTS & FACSIMILE SIGNATURES

16.     This Agreement may be executed in multiple identical counterparts, each of which when executed shall be deemed an original.  Facsimile signatures shall be valid and enforceable as if original.

## FINAL ACKNOWLEDGMENT

17.     This written agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

   IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have executed this Agreement:


ROLAND W. BROADFOOT                         Date: 11 OCT 2013
*/s/ Roland W. Broadfoot Jr.*

STEVEN HAMLIN                               Date: _____


CHRISTOPHER S. BINNIE                       Date: _____


ARTHUR ASHE                                 Date: _____


Page 5 of 7

Settlement Agreement
Broadfoot, et al. v. Mid-Atlantic Electric, LLC (Mid-Atlantic I) et al.

## GOVERNING LAW

14. This Agreement shall be governed by and construed in accordance with the laws of the state of Maryland and the laws of the United States of America applicable to transactions within the state of Maryland.

## BINDING AGREEMENT

15. This Agreement is binding upon the Parties, and their respective heirs, executors, administrators, assigns, successors in interest, predecessors in interest, and anyone claiming by, through or under the Parties, or any one of them.

## COUNTERPARTS & FACSIMILE SIGNATURES

16. This Agreement may be executed in multiple identical counterparts, each of which when executed shall be deemed an original. Facsimile signatures shall be valid and enforceable as if original.

## FINAL ACKNOWLEDGMENT

17. This written agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have executed this Agreement:


ROLAND W. BROADFOOT                    Date:_____

*[signature]*
STEVEN HAMLIN                          Date: 10/14/2013


CHRISTOPHER S. BINNIE                  Date:_____


ARTHUR ASHE                            Date:_____


Page 5 of 7

Settlement Agreement
Broadfoot, et al. v. Mid-Atlantic Electric, LLC (Mid-Atlantic I) et al.

**EXHIBIT A TO SETTLEMENT AGREEMENT**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROLAND W. BROADFOOT, et al. | * |
| Plaintiffs, | * |
| v. | * Case No.: 1:13-CV-01093 |
| MID-ATLANTIC ELECTRIC, LLC (MID-ATLANTIC I), et al. | * |
| Defendants. | * |

**JOINT STIPULTION OF DISMISSAL WITH PREJUDICE**

Plaintiffs, **ROLAND W. BROADFOOT, STEVEN HAMLIN, CHRISTOPHER S. BINNIE, ARTHUR ASHE, DAVID J. MARTEL, TANISSA DORSEY, THOMAS J. PHILLIPS, THOMAS E. WEST, JR.,** and **DUSTIN A. FERRARE**, by and through their attorneys Gabriel A. Terrasa and Terrasa & Stair, P.A., and Defendants, **MID-ATLANTIC ELECTRIC, LLC (MID-ATLANTIC I), MID-ATLANTIC ELECTRIC, LLC (MID-ATLANTIC II),** and **JACOB J. HARRYMAN**, by and through their attorney Michael Schollaert and Ober Kaler, hereby stipulate to the dismissal of all claims in the above-captioned action, WITH PREJUDICE.

Respectfully submitted,

TERRASA & STAIR, P.A.

By: _____
Gabriel A. Terrasa

OBER KALER

By: _Michael Schollaert / by GAT_
Michael Schollaert

w/ Authorization

Page 7 of 7

Settlement Agreement
Broadfoot, et al. v. Mid-Atlantic Electric, LLC (Mid-Atlantic I) et al.